MUNICIPALITY OF GUÁNICA, by its Mayor CLEMENTE J. RODRÍGUEZ CARLO, Plaintiff and Appellant, *v.* JENARO GARCÍA ET AL., Defendants and Appellees.

No. 6623. Argued April 27, 1934.—Decided July 5, 1935.

*F. Colón Díaz* and *Leopoldo Tormes García* for appellant. *Enrique Báez García* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The Municipality of Guánica filed in the District Court of Ponce a petition for an injunction against Jenaro García Martínez and two other persons acting under his orders, to restrain them from constructing a certain building, and praying that until such time as the petition be finally determined the court issue a preliminary injunction for the same purpose. The court heard both parties upon the application for a temporary injunction and thereafter denied the same by an order, from which the Municipality of Guánica took the present appeal.

The town of Guánica formed part of the Municipality of Yauco until by an act of 1914 it was constituted as an independent municipality. When it was part of the Municipality of Yauco, the latter municipality granted the usufruct of a lot belonging to it, without any special conditions, for the construction of a house, which was erected in 1881. Jenaro García purchased that house in 1933 for the purposes of erecting upon the lot a motion picture theatre. After the plans were completed for this new construction and approved by the Department of Health, Jenaro García so advised the Mayor of Guánica, to whom he also stated that he had sent a postal money order for one dollar to the municipal treasurer in order that he might issue him a license to carry on the work. The mayor wrote to García, returning the postal money order sent to the municipal treasurer, and stating that it was impossible to issue the license which he had requested on account of his failure to comply with the requirements laid down for such petitions by the Municipal Law. Jenaro García then tore down the house which he had bought, gathered together on the lot the construction materials, and commenced to pour concrete for his motion picture theatre. At this stage the municipality filed its suit for injunction and its petition for a restraining order and temporary injunction. The ground for these petitions is that, according to an ordinance of such municipality, usufruc-

tuary rights in lots granted for the construction of houses are understood to cease at the moment in which, by fire, destruction, or for other similar reasons, the houses thereupon constructed disappear; upon the further ground that Jenaro García did not present to the municipality the plans and budget for the work; and upon the final ground that to continue the erection of the building would deprive the municipality of its right to enforce its ordinances.

Upon the creation of the Municipality of Guánica, the lot in question, which had belonged to the Municipality of Yauco and by it ceded in usufruct for the construction of a house, became the property of the Municipality of Guánica upon the same terms. The theory of the appellant municipality is that when Jenaro García tore down the house which he had purchased, his right to the usufruct in the lot granted for the construction of the house lapsed, according to the municipal ordinance which provides that the usufruct to such lot terminates by reason of the destruction of the house constructed thereon.

There is in this proceeding no need to consider the ordinance adopted by the Municipality of Guánica in 1915, providing that the usufruct in lots granted for urban building purposes is understood to terminate at the moment in which the constructions thereon disappear, which amounts to a forfeiture of the usufruct so granted, inasmuch as when the house was destroyed in 1933, the Municipal Law of 1928 was in force. This latter statute is applicable in the instant case, since, as we decided in *Casanovas* v. *Municipality of Mayagüez*, 31 P.R.R. 267, the forfeiture of a municipal concession of a lot is governed by the law in force at the time the forfeiture is sought to be enforced. Section 70 of that law covers the granting of lots in perpetuity for the construction of houses thereon, by petition; and the fifth paragraph of that section provides that when the municipal assembly believes that it must consider the question of the forfeiture of one of these concessions, the grantee shall be summoned

at least 30 days in advance so that he may appear before the assembly in defense of his right, at a meeting to be held for the purpose. It is further provided that upon hearing the interested party, the assembly shall decide, pursuant to law and in accordance with the evidence presented; and an appeal from such resolution is allowed to the district court by proper action within thirty days after the grantee has been notified of the decision. This procedure has not been followed in this case, in which the mayor on his own account has declared the concession acquired by Jenaro García forfeited, and has required the appellee to make petition for the lot as if he had never acquired it in usufruct, and as if his rights had been forfeited, upon the sole ground that the house which had been constructed thereon had been torn down so that another might be built.

As to whether the plans for the new construction were delivered to the mayor, the evidence is conflicting, since that officer himself, who is interested in another motion picture house in Guánica, denied that they were delivered to him. Two witnesses testified that they were so delivered. In view of the decision of the lower court, we gather that the judge believed the testimony of the two latter witnesses, and consequently the provisions of the ordinance requiring the presentation of plans as a condition precedent for license to construct have not been violated.

Another ordinance of May 18, 1914, was presented in evidence and marked "Exhibit C," by which the payment of certain excises is required, among which is an excise of $1, for each month or part thereof, for a right to enclose public property with walls or fences for the purpose of storing materials during the construction or repair of buildings. This ordinance also imposes an excise of $2 upon the issue of licenses for the construction of buildings valued up to $500. Jenaro García tried to pay the first of these excises, but the money was returned to him by the mayor.

Appellee contends that this last ordinance imposing excises was not in force in 1933 when he was trying to build his theatre. We believe that he is right, since the preamble to the ordinance provides: ''Ordinance providing that an ordinance and schedule for the imposition and collection of certain excise taxes be effective during the fiscal year 1914–1915.'' The ordinance elsewhere states that: ''Whereas, it is necessary for this Municipal Council to make use of the above-mentioned powers in order to secure the imposition and collection of excises for the purposes hereinafter set forth, during the fiscal year 1914–1915.'' The words of the ordinance as to the time during which it should be effective are so clear that the conclusion is unavoidable that the excises in question were imposed for the fiscal year 1914–1915, and were consequently not in force in 1933.

The order appealed from must be affirmed.